■ MIREILLE XAVIER, Respondent, v FANNY GRUNBERG et al., Appellants. —Judgment, Supreme Court, New York County, entered February 15, 1978, which, after a jury trial, awarded judgment in favor of the plaintiff in the amount of $80,000, unanimously reversed, on the law and the facts, vacated, and the matter remanded for a new trial, with $75 costs and disbursements of this appeal to abide the event. On September 1, 1974, the plaintiff, Mireille Xavier, was visiting a friend living in an apartment house owned by the defendants Grunberg and located on Riverside Drive in New York City. The plaintiff claims to have been injured when a bedroom ceiling collapsed on her. During the course of the trial, plaintiff's proof of notice varied significantly from that claimed in the pleadings. The bill of particulars specified that the landlord had constructive notice of the defective ceiling. At trial, a community worker for St. Mary's Community Services testified that sometime in the summer of 1974 he had inspected the apartment in which the accident occurred and notified the landlord of the deteriorated condition of the ceilings. When it was permitted to be developed during trial that "summer" extends to September 21, and therefore actual notice could have been given to the landlord after the occurrence on September 1, the community worker was permitted to be recalled and to testify on rebuttal that he gave notice to the landlord in July, 1974. The plaintiff was permitted to change her theory from constructive to actual notice to conform the pleadings to the proof. The witness who gave the testimony regarding actual notice was known to plaintiff for at least four years prior to trial, and this testimony changed the theory of the case substantially. Counsel for defendants made timely objection. This new theory of notice constituted surprise and operated to the prejudice of defendants' ability to prepare for trial, warranting reversal and remand for a new trial (CPLR 3025, subd [c]; cf. *Di Benedetto v Lasker-Goldman Corp.,* 46 AD2d 909). Further reversible error was committed when the trial court instructed the jury that it could consider the fact that the landlord repaired the ceiling after the accident "in arriving at [its] determination." Clearly, such evidence would be admissible on the issue of control over the premises only. In the case at bar, control of the premises was not in issue and instruction in that regard was clearly unnecessary. The failure to qualify the instruction and limit its application constituted reversible error, especially in this case when control of the premises was not even in issue. Concur—Kupferman, J. P., Birns, Lane, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BROWN, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 23, 1976, unanimously affirmed. Application by appellant's counsel to withdraw is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.