■ ANGELO D'ANGELO, Respondent, v CARL D'ANGELO, Appellant. — In an action for a declaratory judgment, defendant appeals from a judgment of the Supreme Court, Kings County (Kartell, J.), entered October 19, 1983, which, *inter alia,* declared a deed dated March 25, 1971 to be invalid.

Judgment reversed, on the law, and case remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

Plaintiff's complaint and bill of particulars set forth two theories upon which the deed at issue should be set aside as invalid and ineffective. The first was that defendant obtained the deed by fraud and misrepresentation, and the second was that plaintiff was the beneficiary of a trust, according to the terms of which defendant was to hold the premises in question as trustee. At trial, neither of these theories was pursued. Rather, plaintiff attempted to show that the deed did not reflect the grantor's true intentions, and she thereafter had defendant reconvey the property back to her and disposed of it, along with the rest of her property, through her will.

After trial, plaintiff moved to conform the pleading to the proof adduced at trial. The court denied such relief, holding that it could cause substantial prejudice. The court then determined that the deed of March 25, 1971 was invalid and ineffective because plaintiff rebutted the presumption of validity of the recorded instrument through evidence that the grantor did not intend such a transfer. Such proof, however, did not in any way suggest any fraud or misrepresentation by defendant. Additionally, the court found that defendant had reconveyed the property back to the grantor, a theory also not contained in the pleadings.

Despite the court's refusal to allow plaintiff to conform his pleadings to the proof, it decided the matter on theories which were presented for the first time at trial. Such a result is manifestly unfair and prejudiced defendant's ability to prepare for trial. Consequently, a new trial is required (*Xavier v Grunberg,* 67 AD2d 632; *Forman v Davidson,* 74 AD2d 505).

In light of the foregoing, we do not address any other issues raised by appellant. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.