■ In the Matter of ALICE ROBERTS, Respondent, v NATHAN BORG, Appellant. [922 NYS2d 426]—

Motion by the respondent, inter alia, to resettle the decretal

paragraph of the decision and order of this Court dated June 29, 2010, which determined an appeal from a decree of the Surrogate's Court, Nassau County, dated July 14, 2009.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

*Ordered that the motion is granted to the extent that the de*cision and order of this Court dated June 29, 2010 (*Matter of Roberts v Borg*, 74 AD3d 1349 [2010]) is recalled and vacated and the following decision and order is substituted therefor, and the motion is otherwise denied:

In a proceeding, inter alia, to recover the proceeds of a life insurance policy allegedly owing to the estate of Stephen M. Roberts, Nathan Borg appeals, as limited by his brief, from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated July 14, 2009, which, upon a decision of the same court dated September 30, 2008, made after a nonjury trial, imposed a constructive trust upon the subject life insurance policy and dismissed the affirmative defense of waiver.

Ordered that the decree is modified, on the law and the facts, by deleting the first and second decretal paragraphs thereof; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements.

Until October 1997, the decedent, Stephen Roberts, the appellant, Nathan Borg, and nonparty Karim Abed were shareholders of Charlene Fabrics Group, Ltd. (hereinafter CFG), a closely-held corporation. The three men signed a memorandum of intent dated October 14, 1997, signaling that Borg would give up his interest in CFG, and Borg informed CFG's lender by letter dated October 20, 1997, that he had no role in CFG, effective October 14, 1997. Borg officially parted ways with the decedent and Abed pursuant to an agreement of reorganization dated October 28, 1997.

Years before they signed the reorganization agreement, Borg and the decedent had obtained certain insurance policies for CFG's benefit. In a separate agreement signed contemporaneously with the reorganization agreement, Borg agreed to transfer to the decedent the $1 million term life insurance policy naming the decedent as the insured and Borg as the beneficiary, while the decedent agreed to transfer to Borg the $1 million term life insurance policy naming Borg as the insured and the decedent as the beneficiary. The decedent fulfilled his part of the agreement. It is undisputed that Borg did not. Instead, he continued to pay the premiums for the insurance policy naming the decedent as the insured and himself as the beneficiary. Accordingly, when the decedent died in 2000, Borg collected the policy proceeds.

Alice Roberts (hereinafter the administrator), the decedent's widow, commenced the instant proceeding in her capacity as administrator of the decedent's estate, alleging, inter alia, breach of contract. She did not request in her pleadings the imposition of a constructive trust. Nevertheless, following a nonjury trial at which Borg and an insurance agent testified, the Surrogate's Court imposed a constructive trust upon the insurance proceeds.

The Surrogate's Court erred in imposing the constructive trust. Although a court may grant relief "whether or not demanded" in the pleadings (CPLR 3017 [a]), under the circumstances presented in this case, Borg was prejudiced by the court's decision to entertain the administrator's argument, raised for the first time in her posttrial summation papers, that a constructive trust was warranted (*see Cole v Mandell Food Stores*, 93 NY2d 34, 40 [1999]; *D'Angelo v D'Angelo*, 109 AD2d 773, 774 [1985]; *DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 240 [1984]). Accordingly, the Surrogate's Court should not have imposed a constructive trust upon the subject life insurance policy.

However, we affirm the court's dismissal of Borg's waiver defense, as there is no evidence that the decedent knowingly and intentionally relinquished his contractual rights with respect to the insurance policy that Borg agreed to transfer (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *Curley v Giltrop*, 68 NY2d 651, 653-654 [1986]; *Golfo v Kycia Assoc., Inc.*, 45 AD3d 531, 533 [2007]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.