Matter of Bergen Realty & Mgt., LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 00168)





Matter of Bergen Realty & Mgt., LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 00168


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-09588
 (Index No. 2983/17)

[*1]In the Matter of Bergen Realty & Management, LLC, appellant, 
v
New York State Division of Housing and Community Renewal, et al., respondents.


Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre, NY (Michael Littman of counsel), for appellant.
Mark F. Palomino, New York, NY (Susan E. Kearns of counsel), for respondent New York State Division of Housing and Community Renewal.
Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP, New York, NY (David Hershey-Webb of counsel), for respondents Lee Irvine and Carolyn Irvine.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated September 6, 2017, which denied a petition for administrative review and affirmed a Rent Administrator's determination dated October 2, 2014, finding that the petitioner had overcharged tenants and awarding the tenants treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated May 31, 2018. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In October 2012, Lee Irvine and Carolyn Irvine (hereinafter together the Irvines), tenants in a residential apartment building owned by Bergen Realty & Management, LLC (hereinafter the petitioner), filed an administrative complaint alleging a rent overcharge. The Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) determined that the Irvines were overcharged and imposed a penalty of treble damages. Thereafter, the petitioner filed a petition for administrative review. In a determination dated September 6, 2017, the Deputy Commissioner of the DHCR upheld the Rent Administrator's determination. The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. In a judgment dated May 31, 2018, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d 872, [*2]873; see CPLR 7803[3]). "The court may not substitute its judgment for that of the DHCR," and "[t]he DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d at 873 [internal quotation marks omitted]; see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 454).
Under the law in effect at the time this proceeding was commenced, "[a] rent overcharge claim, whether made in a judicial or administrative forum, was subject to a four-year statute of limitations" (Matter of Watson v New York State Div. of Hous. & Community Renewal [N.Y.S.D.H.C.R.], 109 AD3d 833, 834 [internal quotation marks omitted]; see CPLR former 213-a; Administrative Code of City of NY former § 26-516[a][2]). "[T]he Rent Regulation Reform Act of 1997 (RRRA) (L 1997, ch 116) clarified and reinforced the four-year statute of limitations applicable to rent overcharge claims (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] former § 26-516[a]), preclud[ing] a court from examining the rental history of a housing accommodation prior to the four-year period preceding the filing of the rent overcharge complaint, except in situations where there are substantial indicia of fraud" (Matter of Watson v New York State Div. of Hous. & Community Renewal [N.Y.S.D.H.C.R.], 109 AD3d at 834 [internal quotation marks and citations omitted]; see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 365).
Here, the Deputy Commissioner's determination that the Irvines presented sufficient indicia of fraud to warrant looking beyond the four-year period preceding the filing of the rent overcharge complaint, and that the base date rent was the product of a fraudulent scheme, had a rational basis and was not arbitrary or capricious (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 366; Matter of Bronx Boynton Ave. LLC v New York State Div. of Hous. & Community Renewal, 158 AD3d 589, 590). Further, the Deputy Commissioner's determinations to apply the default formula to establish the base date rent and to impose treble damages were not arbitrary or capricious and had a rational basis in the record (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 354-355; Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 499).
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court