150 E. Third St LLC v Ryan (2021 NY Slip Op 21044)

150 E. Third St LLC v Ryan

2021 NY Slip Op 21044 [71 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 28, 2021

[*1]

150 E. Third St LLC, Appellant,
v
Taylor Ryan et al., Respondents.

Supreme Court, Appellate Term, First Department, February 26, 2021

APPEARANCES OF COUNSEL

SDK Heiberger, LLP, New York City (Steven B. Sperber of counsel), for appellant.
The Price Law Firm, LLC, New York City (Joshua C. Price of counsel), for respondents.

{**71 Misc 3d at 2} OPINION OF THE COURT

Per Curiam.

Order (Timmie E. Elsner, J.), entered on or about August 17, 2020, modified to vacate that part of the order setting forth the methodology for calculating the legal rent and the amount of any overcharge, and the matter remanded to Civil Court for further proceedings consistent with this decision; as modified,{**71 Misc 3d at 3} order affirmed, with $10 costs. Appeal from order (Timmie E. Elsner, J.), entered on or about March 9, 2020, dismissed, without costs, as superseded by the appeal from the August 17, 2020 order.
Landlord commenced this holdover summary proceeding in November 2017, based upon allegations that tenants' lease agreement for the purportedly unregulated apartment expired by its own terms on October 31, 2017. Specifically, the petition alleged that the apartment is exempt from rent stabilization because of a high rent vacancy that occurred either on or after April 1, 1994, or on or after June 24, 2011. Tenants interposed an answer dated November 16, 2017, alleging that the apartment had been improperly deregulated and that they had been overcharged from the commencement of their tenancy in 2011.
The law in effect at the time issue was joined limited examination of the rental history of the housing accommodation to the four-year period preceding the filing of an overcharge complaint, unless the tenants produced evidence of a fraudulent scheme to deregulate (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358 [2010]). However, when this matter proceeded to trial in August 2019, the Housing Stability and [*2]Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36) had just been enacted, which, insofar as relevant, provided that a court "shall consider all available rent history," regardless of the vintage of that history, to determine the legal regulated rent for purposes of determining an overcharge (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a], [h], as amended by HSTPA, L 2019, ch 36, § 1, part F, §§ 4, 5; see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358). At the urging of the Civil Court, the parties stipulated to certain facts and to the court deciding specified legal issues, pursuant to which that court issued a decision/order, dated March 9, 2020, finding that the apartment had been illegally deregulated, and that tenants had been overcharged.
Less than one month later, the Court of Appeals decided Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332, 363 [2020]), which held that "the overcharge calculation amendments [in the HSTPA] cannot be applied retroactively to overcharges that occurred [as in this case] prior to their enactment [in 2019]." In other words, the pre-HSTPA law governed the parties' overcharge{**71 Misc 3d at 4} dispute. As a result of Regina, both parties moved to modify the earlier ruling. Civil Court granted the motions and, upon applying pre-HSTPA law to the case, held that landlord had "fraudulently inflated the cost and propriety of IAIs in order to deregulate the premises," warranting a review of records beyond the four-year lookback period. The matter was then set down for a hearing to calculate the legal regulated rent pursuant to the default formula, and potential treble damages.
Upon landlord's appeal, we modify and remand for further proceedings. The trial court erred in considering the rental history for the apartment beyond the four-year lookback period. Tenants' pre-HSTPA answer did not allege that there was any fraudulent scheme to deregulate the apartment (see CPLR 3018 [b]), and tenants never moved to amend their answer to assert fraud during the 11/2 years the proceeding was pending prior to the enactment of the HSTPA. Moreover, no mention of fraud was made in the parties' detailed stipulation, which was prepared by the attorneys for the parties. Under the circumstances the trial court should not have considered tenants' belated contention of fraud, which was raised for the first time in tenants' posttrial motion (see Matter of Roberts v Borg, 83 AD3d 947, 949 [2011]; see also Cole v Mandell Food Stores, 93 NY2d 34, 40 [1999]).
In any event, even if the fraud issue was properly considered, the stipulated facts fail to support a finding of a fraudulent scheme to deregulate, so as to warrant looking beyond the four-year limitations period. Neither the sizeable increase in the apartment rent in 2006, based in part on apartment improvements, nor the court's skepticism about the quality or extent of those improvements, were sufficient to establish a colorable claim of fraud (see Breen v 330 E. 50th Partners, L.P., 154 AD3d 583 [2017]). We therefore remand for a new determination on the overcharge issue consistent herewith, based upon the parties' stipulation of facts.
Edmead, P.J., Higgitt and Brigantti, JJ., concur.