315 Jefferson St., LLC v Cando (2021 NY Slip Op 51254(U))

[*1]

315 Jefferson St., LLC v Cando

2021 NY Slip Op 51254(U) [73 Misc 3d 146(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1676 K C

315 Jefferson Street, LLC, Respondent,
against
Wilson Cando, Appellant, "John Doe" and "Jane Doe," Undertenants.

Make the Road New York (Jennie Stephens-Romero of counsel), for appellant.
Wenig Saltiel, LLP (Meryl L. Wenig of counsel), for respondent.

Appeals from orders of the Civil Court of the City of New York, Kings County (Kenneth T.
Barany, J.), dated May 9, 2019 and September 11, 2019, respectively. The order dated May 9,
2019 denied tenant's motion for summary judgment on his overcharge counterclaim and, in
effect, dismissing the petition, and, upon a search of the record, dismissed tenant's second
affirmative defense and first counterclaim, both alleging overcharge, in a nonpayment summary
proceeding. The order dated September 11, 2019 denied tenant's motion for leave to renew his
prior motion.

ORDERED that the appeal from the order dated September 11, 2019 is dismissed as
abandoned, as tenant's brief does not raise any argument concerning the propriety of that order;
and it is further,
ORDERED that the order dated May 9, 2019 is modified by deleting so much thereof as,
upon a search of the record, dismissed tenant's second affirmative defense and first counterclaim
and that affirmative defense and counterclaim are reinstated; as so modified, the order is
affirmed, without costs.
In this 2017 nonpayment proceeding, tenant defended the proceeding and interposed, as a
second affirmative defense and first counterclaim, a rent overcharge, contending that several
increases taken prior to 2013 were fraudulent. Tenant appeals from an order which denied his
motion for summary judgment on his overcharge counterclaim and, in effect, dismissing the
petition, and, upon a search of the record, dismissed tenant's overcharge affirmative defense and
counterclaim. On appeal, tenant acknowledges that the Housing Stability and Tenant Protection
[*2]Act (L 2019, ch 36, § 1, part F) is not applicable (see Matter of Regina Metro. Co., LLC v
New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 [2020]),
and that the four-year statutory period of former CPLR 213-a, along with its substantial indicia of
fraud exception thereto (see Matter of
Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15
NY3d 358 [2010]), applies.
The Civil Court properly denied tenant's motion for summary judgment. While the presence
of substantial indicia of fraud allows the court to review more than four years of rental history
(see Matter of Bergen Realty &
Mgt., LLC v New York State Div. of Hous. & Community Renewal, 190 AD3d
728 [2021]), here, tenant did not demonstrate, as a matter of law, that there was substantial
indicia of fraud allowing for such review. While the New York State Division of Housing and
Community Renewal rent registration statements for 2002 and 2005 were seemingly improper,
this did not, contrary to tenant's allegations, result in a higher monthly rent for tenant. Moreover,
tenant's allegations regarding harassment were wholly unsubstantiated. Finally, even assuming
tenant's objections to individual apartment improvements in 2008 were properly alleged, that
allegation alone is not sufficient to establish a colorable claim of fraud (see Breen v 330 E. 50th Partners, L.P.,
154 AD3d 583 [2017]; 150 E. Third
St LLC v Ryan, 71 Misc 3d 1 [App Term, 1st Dept 2021]; Spatz v Valle, 63 Misc 3d 134[A],
2019 NY Slip Op 50452[U] [App Term, 1st Dept 2019]).
The Civil Court, however, erred when, upon a search of the record, it dismissed tenant's
overcharge affirmative defense and counterclaim, as the record does not demonstrate, as a matter
of law, that there was no fraudulent scheme to overcharge (see 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183
AD3d 509, 510 [2020]).
Accordingly, the order is modified by deleting so much thereof as, upon a search of the
record, dismissed tenant's second affirmative defense and first counterclaim, and that affirmative
defense and counterclaim are reinstated.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021