Matter of Fairley v State of New York Div. of Hous. & Community Renewal (2023 NY Slip Op 01293)

Matter of Fairley v State of New York Div. of Hous. & Community Renewal

2023 NY Slip Op 01293

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-04668
 (Index No. 515029/18)

[*1]In the Matter of Gwendolyn Fairley, appellant,
v
State of New York Division of Housing and Community Renewal, respondent.

Law Offices of Andrew J. Spinnell, LLC, New York, NY, for appellant.
Mark F. Palomino, New York, NY (Anita Shia of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 23, 2018, which denied a petition for administrative review and affirmed the determination of a Rent Administrator dated March 16, 2018, finding that the petitioner was not overcharged rent, the petitioner appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated March 8, 2019. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In January 2017, the petitioner, a tenant in a rent-stabilized apartment, filed an administrative complaint alleging a rent overcharge. In a determination dated March 16, 2018, a Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) found that "the base date" for the proceeding was January 3, 2013, and determined that the petitioner was not overcharged during the relevant time. The petitioner filed a petition for administrative review, contending that there was fraud in her vacancy lease, signed in 2007, which unlawfully increased the rent, leading to subsequent overcharges. In a determination dated May 23, 2018, a Deputy Commissioner of the DHCR determined that there was insufficient evidence to support a colorable claim of fraud, denied the petition for administrative review, and affirmed the Rent Administrator's finding that there was no overcharge during the relevant time. The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination, contending that she had set forth sufficient evidence of fraud so as to warrant an examination of the apartment's entire rental history beyond the four years prior to the filing of the overcharge complaint. In a judgment dated March 8, 2019, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Bergen Realty & Mgt., LLC v New York State Div. of Hous. & Community Renewal, 190 AD3d 728, 729; Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d 872, 873). The court may not substitute its judgment for that of the DHCR (see Matter of Perez v Rhea, [*2]20 NY3d 399, 405; Matter of Bergen Realty & Mgt., LLC v New York State Div. of Hous. & Community Renewal, 190 AD3d at 729; Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d at 873).
At the time the subject overcharge complaint was filed, "rent overcharge claims [were] generally subject to a four-year statute of limitations" and no award of the amount of an overcharge could be based upon an overcharge having occurred more than four years before the complaint was filed (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 364; see CPLR former 213-a; Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of NY] former § 26-516[a][2]; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332). In order to determine whether there was a rent overcharge, the DHCR regulations provide that "[t]he legal regulated rent" shall be deemed to be the rent charged on "the base date," plus any lawful increases and adjustments (9 NYCRR 2526.1[a][3][i]). In order to effectuate the four-year limitation in place at the time the subject complaint was filed, "the base date" was the rent actually charged on the date four years prior to the filing of the overcharge complaint, without regard to the rental history prior to that date (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 354; Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 365).
The petitioner contends, however, that the Rent Administrator erred as a matter of law in setting January 3, 2013, as the base date and taking the rent on that date as "the legal regulated rent" because she provided evidence of a fraudulent scheme to deregulate the apartment. While "reviewing rental history outside of the four-year lookback period was inappropriate for purposes of calculating an overcharge," there was "a limited common-law exception to the otherwise-categorical evidentiary bar, permitting a tenant to use such evidence only to prove that the owner engaged in a fraudulent scheme to deregulate the apartment" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 354). If review of the rental history revealed such a fraudulent scheme, then the legal rent should be based on a "default formula" otherwise reserved for cases where there are no reliable rent records, rather than the rent actually charged on the date four years prior to the filing of the overcharge complaint (see id. at 354-355; Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 366; Thornton v Baron, 5 NY3d 175, 181).
Under this case law, where a tenant has made a "'colorable claim of fraud' by identifying 'substantial indicia,' i.e., 'evidence,' of 'a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization,'" the DHCR is required to examine the apartment's rental history "'for the limited purpose of determining whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date'" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 355, quoting Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 366-367). "Generally, an increase in the rent alone will not be sufficient to establish a 'colorable claim of fraud,' and a mere allegation of fraud alone, without more, will not be sufficient to require DHCR to inquire further" (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 367; see Conason v Megan Holding, LLC, 25 NY3d 1, 16).
Contrary to the petitioner's contention, she failed to set forth sufficient indicia of fraud so as to warrant consideration of the rental history beyond the four-year statutory period (see Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999, 1000-1001; Breen v 330 E. 50th Partners, L.P., 154 AD3d 583, 584; Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 115). Thus, the Rent Administrator did not err in using the rent charged on the base date, January 3, 2013, as "the legal regulated rent" to ascertain whether there was an overcharge, and the Deputy Commissioner's determination denying the petition for administrative review was not arbitrary or capricious.
In light of our determination, the petitioner's contention that she is entitled to treble damages has been rendered academic.
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court