Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 04262)

Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 04262

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06804
 (Index No. 713784/21)

[*1]In the Matter of 88-05 171, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Russell Cirincione of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 7, 2021, which denied a petition for administrative review and upheld a determination of a Rent Administrator dated December 4, 2019, inter alia, directing a reduction in the amount of rent payable for certain rent-regulated apartments based upon a decrease in services, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 13, 2021. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, 88-05 171, LLC, is the owner and landlord of an apartment building located in Jamaica. In August 2018, various tenants of that apartment building filed an application with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a rent reduction based upon decreased building-wide services alleging, inter alia, that the petitioner changed the front entrance door lock from a traditional door lock to a door lock mechanism that utilized non-duplicable keys, that the petitioner refused to provide a sufficient number of non-duplicable keys to the building entrance door and mailbox room to the tenants, and that the tenants were charged $50 to $250 per additional key.
In a determination dated December 4, 2019, a Rent Administrator of the DHCR found, inter alia, that the landlord failed to provide non-duplicable building entry keys to certain apartments in the building in violation of the Rent Stabilization Code (9 NYCRR) §§ 2520.6(r) and 2523.4 and directed a reduction in the amount of rent payable for those apartments. Thereafter, the petitioner filed a petition for administrative review of the Rent Administrator's determination. In a determination dated May 7, 2021, a Deputy Commissioner of the DHCR denied the petition for administrative review and upheld the Rent Administrator's determination.
In June 2021, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination, alleging that it was arbitrary, capricious, and erroneous as a matter of law. In a judgment entered December 13, 2021, the Supreme Court, in [*2]effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis" (Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 946 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 214 AD3d 650, 650). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487 [internal quotation marks omitted]; see Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d 800, 801). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 487 [internal quotation marks omitted]). Moreover, "[a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (id. at 488 [internal quotation marks omitted]).
Here, contrary to the petitioner's contention, the DHCR's determination has a rational basis in the record and was not arbitrary and capricious (see Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 946; Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 214 AD3d at 650).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court