Matter of Segal v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 04654)

Matter of Segal v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 04654

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-09733
 (Index No. 501233/21)

[*1]In the Matter of Paula Z. Segal, petitioner-respondent,
v
New York State Division of Housing and Community Renewal, appellant, et al., respondent.

Mark F. Palomino, New York, NY (Aida P. Reyes of counsel), for appellant.
Paula Z. Segal, New York, NY, petitioner-respondent pro se.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber and David B. Cabrera of counsel), for respondent CAG Enterprises, Inc.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated August 10, 2021, which denied a petition for administrative review and affirmed the determination of a Rent Administrator dated March 5, 2020, finding that the petitioner was overcharged rent in 2017 only, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated June 30, 2023. The judgment, in effect, granted the petition, annulled the determination dated August 10, 2021, and remitted the matter to the New York State Division of Housing and Community Renewal for reconsideration of the petitioner's rent overcharge complaint.
ORDERED that the judgment is affirmed, with costs.
On June 2, 2017, the petitioner, a tenant in a rent-stabilized apartment owned by CAG Enterprises, Inc. (hereinafter CAG), filed an administrative complaint alleging a rent overcharge. In a determination dated March 5, 2020, a Rent Administrator found that CAG had been entitled to certain rent increases in a prior lease and that the petitioner had been overcharged rent in 2017 only. The petitioner filed a petition for administrative review (hereinafter PAR), challenging CAG's entitlement to the rent increases in the prior lease. By determination dated August 10, 2021, a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter DHCR) denied the PAR and affirmed the determination of the Rent Administrator.
The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court concluded that the Deputy Commissioner committed an error of law in failing to apply certain amendments to the Rent Stabilization Code, which were effective prior to the petitioner's filing of the rent overcharge complaint. The court therefore, in effect, granted the petition, annulled the Deputy Commissioner's determination, and remitted the matter to DHCR for reconsideration of the rent overcharge complaint. DHCR appeals.
Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d 800, 801). Here, the Supreme Court properly determined that DHCR committed an error of law in failing to apply the version of the Rent Stabilization Code (RSC) (9 NYCRR) § 2526.1(a)(3)(iii) that was in effect at the time that the rent overcharge complaint was filed (see id. § 2527.7; Matter of West 147 & 150, LLC v New York State Div. of Hous. & Community Renewal, 191 AD3d 419). DHCR's reasoning that applying the amended version of RSC § 2526.1(a)(3)(iii) was impermissible because, thereunder, it would have been required to consider the subject apartment's rental history prior to the four-year period preceding the filing of the rent overcharge complaint failed to account for RSC § 2526.1(a)(2)(ix), which allows such consideration "for the purpose of establishing the legal regulated rent pursuant to section 2526.1(a)(3)(iii)" where, as here, the subject apartment was vacant on the base date.
Accordingly, we affirm the judgment.
IANNACCI, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court