Matter of East Riv. Group, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 06861)

Matter of East Riv. Group, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 06861

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-00976
 (Index No. 709453/23)

[*1]In the Matter of East River Group, LLC, appellant,
vNew York State Division of Housing and Community Renewal, respondent.

Law Offices of Hariri & Crispo, New York, NY (Ronald D. Hariri and Charles Balvin of counsel), for appellant.
Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel; Carly Silverman on the brief), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated March 10, 2023, which denied a petition for administrative review and upheld a determination of a Rent Administrator dated August 12, 2022, finding that the petitioner overcharged rent and awarding the tenant treble damages, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered November 20, 2023. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In February 2017, a tenant in a rent-stabilized apartment owned by the petitioner filed an administrative complaint alleging a rent overcharge. In a determination dated August 12, 2022, a Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter DHCR) found that the base date for the proceeding was February 27, 2013, determined that the tenant was overcharged during the relevant time, and imposed treble damages. The petitioner filed a petition for administrative review, and in a determination dated March 10, 2023, a Deputy Commissioner of DHCR denied the petition for administrative review and affirmed the Rent Administrator's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. In a judgment entered November 20, 2023, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Teore v State of New York Div. of Hous. & Community Renewal, 234 AD3d 860, 861 [internal quotation marks omitted]; see CPLR 7803[3]). "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d 679, 680, quoting Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of McCollum v City of New York, 184 AD3d 838, 840). "Moreover, [a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d at 680 [internal quotation marks omitted]; see Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 488).
At the time that the subject overcharge complaint was filed in 2017, "rent overcharge claims [were] generally subject to a four-year statute of limitations and no award of the amount of an overcharge could be based upon an overcharge having occurred more than four years before the complaint was filed" (Matter of Fairley v State of New York Div. of Hous. & Community Rewewal, 214 AD3d 800, 801 [internal quotation marks omitted]; see Rent Stabilization Law of 1969 [Administrative Code of City of NY] former § 26-516[a][2]). To determine whether there was a rent overcharge, the legal regulated rent is "deemed to be the rent charged on the base date, plus . . . any subsequent lawful increases and adjustments" (Rent Stabilization Code [9 NYCRR] § 2526.1[a][3][i]; see Matter of Fairley v State of New York Div. of Hous. & Community Rewewal, 214 AD3d at 801). "In order to effectuate the four-year limitation in place at the time the subject complaint was filed, the base date was the rent actually charged on the date four years prior to the filing of the overcharge complaint, without regard to the rental history prior to that date" (Matter of Fairley v State of New York Div. of Hous. & Community Rewewal, 214 AD3d at 801 [internal quotation marks omitted]).
Here, because the overcharge complaint was filed on February 27, 2017, the four-year lookback rule governs, and thus, the Rent Administrator properly determined that the base date was February 27, 2013 (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 348; Gomes v Vermyck, LLC, 238 AD3d 26). Additionally, because the vacancy lease dated June 5, 2012, was in effect on the base date, it was properly reviewed and considered by the Rent Administrator in making their determination (see generally Matter of Cintron v Calogero, 15 NY3d 347, 356; Onate v Fernandez, 184 AD3d 725, 726-727), and such determination had a rational basis in the record and was not arbitrary and capricious.
Contrary to the petitioner's contention, under these circumstances, the tenant was not required to establish that the petitioner engaged in a fraudulent scheme. Notwithstanding that the vacancy lease commenced prior to the four-year lookback period (see generally Gomes v Vermyck, LLC, 238 AD3d 26), the vacancy lease was the lease in effect on the base date, February 27, 2013 (see Onate v Fernandez, 184 AD3d at 726-727).
"Under the Rent Stabilization Code, 'preferential rent' is defined as rent charged to and paid by a tenant that is less than the legal regulated rent (9 NYCRR 2521.2[a]). 'Such legal regulated rent as well as preferential rent shall be set forth in the vacancy lease . . . pursuant to which the preferential rent is charged'(9 NYCRR 2521.2[b])" (Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal, 166 AD3d 625, 627). Here, it is undisputed that the vacancy lease contained only one rental amount, $1,200, and did not indicate that it was preferential rent or set forth other legal regulated rent. Therefore, the Deputy Commissioner's determination that $1,200 constituted the legal regulated rent and that the petitioner was required to base renewal leases offered to the tenant on that amount of rent was rational and not arbitrary and capricious (see id.; former 9 NYCRR 2521.2[a]).
Pursuant to the Rent Stabilization Law of 1969, if DHCR finds that a landlord, "after a reasonable opportunity to be heard, [has] collected an overcharge above the rent authorized for a housing accommodation[,] [the landlord] shall be liable to the tenant for a penalty equal to three times the amount of such overcharge" (Administrative Code § 26-516[a]; see 9 NYCRR 2526.1[a][1]). However, once the occurrence of a rent overcharge has been established, the landlord can avoid a treble damages award by establishing by a preponderance of the evidence that the overcharge was not willful (see Administrative Code § 26-516[a]; Paulonis v 287 Assoc., L.P., 198 [*2]AD3d 664, 666; Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d 755, 755). "[A] rent overcharge is presumed willful, and warrants a treble damages award under Administrative Code § 26-516(a), unless the owner establishes by a preponderance of the evidence that the overcharge was not willful" (Paulonis v 287 Assoc., L.P., 198 AD3d at 666).
Here, the petitioner failed to meet its burden of showing that the overcharge was not willful (see Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d at 756). The record demonstrated that the petitioner had acquired the property during the term of the vacancy lease, which did not designate the monthly rent of $1,200 as preferential rent or set forth other legal regulated rent. This resulted in the $1,200 amount constituting the legal regulated rent (see 9 NYCRR 2521.2[b]; Matter of Rania Mesiskli v New York State Div. of Hous. & Community Renewal, 166 AD3d at 627). Notwithstanding, the petitioner attempted to deem that $1,200 rent a preferential rent through subsequent renewal leases and registrations.
Therefore, the Deputy Commissioner rationally determined that the petitioner failed to establish by a preponderance of the evidence that the overcharge was not willful (see Smoke v Windermere Owners, LLC, 173 AD3d 500, 501; Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d at 756).
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissing the proceeding.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court