Abdelrazek v 12-15 Broadway Astoria, LLC
2026 NY Slip Op 03283
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Karim Abdelrazek, etc., et al., appellants-respondents,
v
12-15 Broadway Astoria, LLC, respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2022-04705, (Index No. 701984/21)
Betsy Barros, J.P.
Barry E. Warhit
Carl J. Landicino
Laurence L. Love, JJ.

Newman Ferrara LLP, New York, NY (Lucas A. Ferrara and Roger A. Sachar of counsel), for appellants-respondents.
D'Agostino, Levine, Landesman, Lederman, Rivera & Miraglia, LLP, New York, NY (Eric R. Garcia of counsel), for respondent-appellant.

[*1]
DECISION & ORDER
In a putative class action, inter alia, to recover damages for rent overcharges, the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 13, 2022. The order, insofar as appealed from, denied the plaintiffs' motion for class certification and to approve a proposed notice of class action. The order, insofar as cross-appealed from, denied the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiffs' motion which was for class certification is granted to the extent of certifying a class consisting of all tenants at the defendant's building who occupied their units between January 26, 2017, and the filing of the complaint, and the matter is remitted to the Supreme Court, Queens County, for a new determination of that branch of the plaintiffs' motion which was to approve the proposed notice of class action; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In 2021, the plaintiffs, current and former tenants of a residential apartment building in Queens, commenced this putative class action against the defendant, the owner of the building, inter alia, to recover damages for rent overcharges and violations of the Rent Stabilization Law of 1969, including Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-517(a)(4), and the Rent Stabilization Code, including Rent Stabilization Code (9 NYCRR) § 2521.1(g). The plaintiffs alleged that the defendant failed to register the correct initial legal regulated monthly rent on each apartment in 2013 and 2014, resulting in subsequent rent overcharges for all tenants of the building after that time. The plaintiffs moved for class certification and to approve a proposed notice of class action. The defendant opposed the plaintiffs' motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order entered June 13, 2022, the Supreme Court denied the motion and the cross-motion. The plaintiffs appeal, and the defendant cross-appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Leopold & Assoc., PLLC, 238 AD3d 1195, 1196 [internal quotation marks omitted]; see Cruz v Guaba, 226 AD3d 964, 965). "If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Webster v Sherman, 165 AD3d 738, 741 [internal quotation marks omitted]; see Amrusi v Nwaukoni, 155 AD3d 814, 816).
At the time the subject alleged overcharges occurred, "'rent overcharge claims [were] generally subject to a four-year statute of limitations' and no award of the amount of an overcharge could be based upon an overcharge having occurred more than four years before the complaint was filed" (Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d 800, 801, quoting Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 364; see CPLR former 213-a; Administrative Code former § 26-516[a][2]). To calculate an overcharge, the reviewing agency or court was required to compare the actual sums paid by the tenant with the base date rent—i.e., the rent actually charged on the date four years prior to the complaint—plus any lawful increases and adjustments (see Administrative Code former § 26-516[a][1]; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 353). Further, the reviewing agency or court was generally forbidden from reviewing rental history from before the four-year period (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 353; see also CPLR former 213-a; Administrative Code former § 26-516[a][2]). Although New York's rent stabilization scheme was later amended to extend the statute of limitations to six years, those amendments "cannot be applied retroactively to overcharges that occurred prior to their enactment" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 363; see Gomes v Vermyck, LLC, 238 AD3d 26, 36). Thus, the plaintiffs' claims here are subject to the four-year statute of limitations.
However, where "a tenant has made a colorable claim of fraud by identifying substantial indicia, i.e., evidence, of a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization," the reviewing agency or court is required to examine the apartment's overall rental history "for the limited purpose of determining whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (Matter of Teore v State of New York Div. of Hous. & Community Renewal, 234 AD3d 860, 862 [internal quotation marks omitted]; see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 354-356). "If review of the rental history revealed such a fraudulent scheme, then the legal rent should be based on a default formula otherwise reserved for cases where there are no reliable rent records, rather than the rent actually charged on the date four years prior to the filing of the overcharge complaint" (Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d at 802 [internal quotation marks omitted]). The "setting of an illegal rent in connection with a stratagem . . . to remove tenants' apartment[s] from the protections of rent stabilization" has generally been considered a colorable claim of fraud that warrants the examination of an apartment's rental history beyond the four-year limitations period (Conason v Megan Holding, LLC, 25 NY3d 1, 16; see Matter of Partnership 92 LP v State of N.Y. Div. of Hous. & Community Renewal, 11 NY3d 859, 860).
Here, the Supreme Court correctly denied the defendant's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In opposition to the defendant's prima facie showing that the alleged overcharges were based on initial legal regulated monthly rents that were registered more than four years before the filing of the complaint, which is not challenged on appeal, the plaintiffs set forth sufficient indicia of fraud to warrant consideration of the rental history beyond the four-year statutory period (see Conason v Megan Holding, LLC, 25 NY3d at 16; Wise v 1614 Madison Partners, LLC, 214 AD3d 550, 550).
The Supreme Court, however, should not have denied the plaintiff's motion, among [*2]other things, for class certification. "CPLR article 9, which sets out the criteria to be considered in granting class action certification, is to be liberally construed" (Krobath v South Nassau Communities Hosp., 178 AD3d 805, 806; see Dowd v Alliance Mtge. Co., 74 AD3d 867, 869). "The proponent of a motion for class certification bears the burden of establishing compliance with the requirements of CPLR 901 and 902" (Medina v Fairway Golf Mgt., LLC, 177 AD3d 727, 727-728; see Cooper v Sleepy's, LLC, 120 AD3d 742, 743). The determination of whether to certify a class action lies within the sound discretion of the trial court (see City of New York v Maul, 14 NY3d 499, 509; Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d 1040, 1041). However, this Court has the same discretion and may exercise it even where the trial court has not abused its discretion (see City of New York v Maul, 14 NY3d at 509; Small v Lorillard Tobacco Co., 94 NY2d 43, 52; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422).
CPLR 901(a) sets forth the five requirements for certification of a class action: "1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members; 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4. the representative parties will fairly and adequately protect the interests of the class; and 5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "These factors are commonly referred to as the requirements of numerosity, commonality, typicality, adequacy of representation and superiority" (City of New York v Maul, 14 NY3d at 508). "[T]he court's inquiry 'vis-à-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham'" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d at 1042, quoting Brandon v Chefetz, 106 AD2d 162, 168).
Here, contrary to the defendant's contention, the plaintiffs demonstrated that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" so as to satisfy the commonality requirement (CPLR 901[a][2]). The commonality requirement of CPLR 901(a)(2) "cannot be determined by any mechanical test," and "the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" (City of New York v Maul, 14 NY3d at 514 [internal quotation marks omitted]). Specifically, the issue of whether the defendant overcharged tenants in violation of the rent stabilization laws pursuant to a fraudulent scheme predominates over the questions affecting the individual class members (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399). The plaintiffs also established that their claims are typical of the claims of the putative class (see CPLR 901[a][3]). The differences in the timing and duration of the plaintiffs' individual tenancies create only the potential for different individual damages, which is not a valid reason to deny class action status in this case (see Krobath v South Nassau Communities Hosp., 178 AD3d at 807; Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129, 142).
Further, the plaintiffs demonstrated that they "will fairly and adequately protect the interests of the class" (CPLR 901[a][4]). Because the plaintiffs' attorneys had "assume[d] responsibility for litigation expenses, the [plaintiffs'] personal financial condition [was] irrelevant" (Wilder v May Dept. Stores Co., 23 AD3d 646, 648-649). The plaintiffs also demonstrated that a class action was the superior vehicle for addressing their allegations (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d at 400). Contrary to the Supreme Court's determination, the plaintiffs were not required to proceed at the New York State Division of Housing and Community Renewal (hereinafter DHCR) in the first instance. The court and DHCR share concurrent jurisdiction of overcharge causes of action (see Administrative Code § 26-516[a]), and the plaintiffs' choice of forum was controlling (see Collazo v Netherland Prop. Assets LLC, 35 NY3d 987, 990). We have also considered the factors set forth in CPLR 902 and find that they weigh in favor of granting class certification in this instance (see Chernett v Spruce 1209, LLC, 200 AD3d 596, 597).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for class certification. However, contrary to the plaintiffs' contention, the class period should commence on January 26, 2017, rather than June 14, 2015. The four-year statute of limitations under CPLR former 213-a governs the rent overcharge cause of action, which was based [*3]on conduct that occurred prior to the enactment of the Housing Stability and Tenant Protection Act of 2019 (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 363; Wise v 1614 Madison Partners, LLC, 214 AD3d at 550).
Because the Supreme Court did not have the opportunity to review the sufficiency of the proposed notice of class action, we remit the matter to the Supreme Court, Queens County, for a new determination of that branch of the plaintiffs' motion which was to approve the proposed notice of class action (see Wilder v May Dept. Stores Co., 23 AD3d at 650).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court