■ In the Matter of PANDORA ENTERPRISES, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [657 NYS2d 981] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated August 4, 1995, which affirmed an order of the District Rent Administrator, dated July 1, 1992, finding the existence of a willful rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated April 30, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the determination of the respondent that there was a willful rent overcharge in this case had a rational basis and was supported by the record. The evidence demonstrated that the petitioner imposed a rent increase which improperly included the costs for repairs and for other work which did not qualify under the Rent Stabilization Code (9 NYCRR 2522.4 [a] *et seq.*). Furthermore, the petitioner's conceded error in continuing certain temporary rent increases beyond their limited duration was neither hypertechnical nor de minimis. Accordingly, the imposition of treble damages was not based solely on the petitioner's failure to properly register the apartment (*see,* Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]), and we discern no basis in the record for disturbing the respondent's determination (*see, Matter of Salvati v Eimicke*, 72 NY2d 784; *Matter of Wai Leung Chan v New York State Div. of Hous. & Community Renewal*, 207 AD2d 552). Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.