■ In the Matter of 374 EASTERN PARKWAY CONMAR OWNERS CORP. et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [751 NYS2d 793] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated December 19, 2000, which confirmed a determination of the rent administrator dated July 15, 1999, that the petitioner charged $11,701.90 in excess rent for the subject rent-stabilized apartment and that the fair market monthly rental value thereof was $648.20, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Kings County (Pincus, J.), dated September 13, 2001, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with

costs, the determination dated December 19, 2000, is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioners' arguments that the tenants lacked standing to bring a fair market rent appeal and that their complaint was untimely were raised for the first time in this proceeding pursuant to CPLR article 78. Since these arguments were not raised before the New York State Division of Housing and Community Renewal (hereinafter the DHCR), they are not cognizable in this proceeding (*see Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal,* 51 NY2d 966; *Matter of Muller v New York State Div. of Hous. & Community Renewal,* 263 AD2d 296, 307; *Matter of Clowry v Town of Pawling,* 202 AD2d 663, 665). Furthermore, the DHCR determination of the fair market rent was neither arbitrary nor capricious. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.