Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 04122)

Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 04122

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-12441
 (Index No. 519665/18)

[*1]In the Matter of CHT Place, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Richard T. Walsh of counsel), for appellant.
Mark F. Palomino, New York, NY (Jason Parpas of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated August 2, 2018, which denied a petition for administrative review and, in effect, upheld the determination of a Rent Administrator dated March 11, 2016, finding that a rent overcharge had occurred, the petitioner appeals from a judgment of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated September 20, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, CHT Place, LLC, commenced this proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR). The DHCR, in effect, upheld the determination of a Rent Administrator which granted a rent overcharge complaint of a tenant who occupied an apartment in the petitioner's building located on Tiffany Place in Brooklyn (hereinafter the building).
The building was initially constructed as a light manufacturing commercial warehouse. In March 1990, a prior owner filed with the New York State Attorney General's Real Property Finance Bureau an offering plan to convert the building to condominium ownership pursuant to General Business Law § 352-eeee. By April 1991, the land and the building were rezoned for residential purposes and rehabilitated. Commencing with fiscal year July 1, 1991, through June 30, 1992, the building was granted J-51 tax benefits. In April 1993, a prior owner of the building recorded in the Office of the City Register, Kings County, a "Declaration Establishing a Plan for Condominium Ownership" of the building. The tenant commenced his tenancy in November 1994. In March 1995, the petitioner's predecessor in interest and the DHCR entered into a regulatory agreement in connection with the allocation and use of federal low-income housing tax credits under section 42 of the Internal Revenue Code and related regulations (hereinafter the LIHTC program).
In April 2014, the tenant commenced a rent overcharge proceeding before the DHCR. [*2]The Rent Administrator applied the Rent Stabilization Law and directed the petitioner "to roll back the rent to the legal regulated rent" and refund or credit the amount of the overcharge to the tenant. Thereafter, the petitioner filed a petition for administrative review (hereinafter PAR) of the Rent Administrator's determination. In a determination dated November 29, 2016, the Deputy Commissioner denied the PAR and upheld the Rent Administrator's finding that there was a rent overcharge during the relevant time period.
Subsequently, the petitioner commenced a proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's November 29, 2016 determination. In the meantime, by a so-ordered stipulation entered into by the parties, the matter was remanded to the DHCR for further consideration and the issuance of a new determination. In a determination dated August 2, 2018, the Deputy Commissioner denied the PAR and, in effect, upheld the Rent Administrator's finding that there was a rent overcharge. The petitioner then commenced this proceeding pursuant to CPLR article 78. In a judgment dated September 20, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Bergen Realty & Mgt., LLC v New York State Div. of Hous. & Community Renewal, 190 AD3d 728, 729; Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d 872, 873). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs, 208 AD3d 480, 481). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of McCollum v City of New York, 184 AD3d 838, 840). "In reviewing a determination of the DHCR, the court is limited to a review of the record which was before the DHCR" (Matter of 65-61 Saunders St. Assoc., LLC v New York State Div. of Hous. & Community Renewal, 154 AD3d 930, 931 [internal quotation marks omitted]; see Matter of Featherstone v Franco, 95 NY2d 550, 554-555). Moreover, "[a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y., 45 AD3d 594, 595 [internal quotation marks omitted]).
Here, the Deputy Commissioner's determination, in effect, upholding the Rent Administrator's determination had a rational basis and was not arbitrary and capricious. The Rent Administrator applied the Rent Stabilization Law (see Administrative Code of City of NY § 26-501 et seq.) in calculating the rent overcharge. Pursuant to Administrative Code § 11-243(i)(1), the benefits of the J-51 program, which the building admittedly was receiving at the time the tenant commenced his tenancy and for several years thereafter, are limited to the owners of buildings that are subject "to the provisions of the emergency housing rent control law or to the city rent and rehabilitation law or to the city rent stabilization law or to the private housing finance law or to any federal law providing for supervision or regulation by the United States department of housing and urban development" (see Roberts v Tishman Speyer Props., L.P., 62 AD3d 71, 75). Similarly, the Rules of the City of New York require a building receiving J-51 benefits to be subject to rent regulation during the period of receipt of such benefits (see 28 RCNY 5-03[f]). Thus, the benefits of the J-51 program cannot be obtained without subjecting the qualifying building to rent regulation, and "the receipt of J-51 benefits may trigger the applicability of Rent Stabilization Law" (Denza v Independence Plaza Assoc., LLC, 95 AD3d 153, 160).
The petitioner failed to demonstrate that its participation in the LIHTC program satisfied the rent regulation requirement under the J-51 tax benefits program to the exclusion of the Rent Stabilization Law and, thus, that the DHCR lacked jurisdiction to adjudicate the underlying rent overcharge proceeding (see generally Administrative Code § 11-243[i][1]).
Moreover, to the extent the petitioner contends that the LIHTC program preempts or [*3]is incompatible with the Rent Stabilization Law, its contentions are without merit (see generally Don LW LLC v Herrera, 68 Misc 3d 1204[A], 2020 NY Slip Op 50855[U],*1 [Civ Ct, Bronx County]; OLR, MM, L.P. v Bracero, 43 Misc 3d 1215[A], 2014 NY Slip Op 50652[U],*3, *5 [Civ Ct, Bronx County]).
The petitioner's contention that the subject apartment is exempt from rent stabilization because it allegedly is a condominium is not properly before this Court (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880).
Accordingly, we affirm the judgment.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court