Matter of Teore v State of New York Div. of Hous. & Community Renewal (2025 NY Slip Op 00325)

Matter of Teore v State of New York Div. of Hous. & Community Renewal

2025 NY Slip Op 00325

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-04978
 (Index No. 525412/21)

[*1]In the Matter of Jessica Teore, respondent,
v
State of New York Division of Housing and Community Renewal, appellant.

Mark F. Palomino, New York, NY (Aida P. Reyes of counsel), for appellant.
Himmelstein McConnell Gribben & Joseph LLP, New York, NY (Ronald S. Languedoc of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated August 10, 2021, which affirmed a determination of the Deputy Commissioner dated March 25, 2019, and a determination of a Rent Administrator dated February 16, 2018, finding, inter alia, in effect, that there were no grounds to examine the rental history of a certain apartment prior to the base date, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Kings County (Robin K. Sheares, J.), dated May 10, 2022. The judgment granted the petition, annulled the determinations dated August 10, 2021, and March 25, 2019, and remitted the petitioner's claim to the New York State Division of Housing and Community Renewal for further proceedings to investigate the entire rental history of the subject apartment, to review any further evidence presented by the petitioner or the owner of the apartment's rental history, and to employ the Rent Stabilization Code's default formula to determine the base date rent if the rental history does not permit the New York State Division of Housing and Community Renewal to determine a reliable base date rent.
ORDERED that the judgment is affirmed, with costs.
In August 2015, Jessica Teore (hereinafter the tenant), a tenant in a residential apartment building in Brooklyn, filed an administrative complaint alleging a rent overcharge. A Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) determined that the tenant was overcharged and that the base date was in August 2011. Thereafter, the tenant filed a petition for administrative review, asserting that the Rent Administrator failed to investigate the legality of the base date rent beyond the four-year period. In a determination dated March 25, 2019, a Deputy Commissioner of the DHCR upheld the Rent Administrator's determination. The tenant commenced a proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's March 25, 2019 determination. In November 2019, the parties agreed to remit the matter to the DHCR for reopening and further proceedings and review in light of the enactment of the Housing Stability and Tenant Protection Act of 2019 (hereinafter HSTPA). In a determination dated August 10, 2021, the Deputy Commissioner affirmed the March 25, 2019 determination.
In September 2021, the tenant commenced the instant proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's August 10, 2021 determination. In a judgment dated May 10, 2022, the Supreme Court granted the petition, annulled the Deputy Commissioner's determinations dated August 10, 2021, and March 25, 2019, that examination of the subject apartment's rental history is limited to four years before the tenant's overcharge complaint, and remitted the tenant's claim to the DHCR for further proceedings to investigate the apartment's entire rental history, to review any further evidence presented by the tenant or the owner of the apartment's rental history, and to employ the Rent Stabilization Code's default formula to determine the base date rent if the rental history does not permit the DHCR to determine a reliable base date rent. The DHCR appeals.
"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487; see CPLR 7803[3]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 487-488; Matter of McCollum v City of New York, 184 AD3d 838, 840). Moreover, "[a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y., 45 AD3d 594, 595 [internal quotation marks omitted]; see Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 487-488).
At the time the overcharge complaint was filed, "rent overcharge claims [were] generally subject to a four-year statute of limitations," and no award of the amount of an overcharge could be based upon an overcharge having occurred more than four years before a complaint was filed (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 364; see CPLR former 213-a; Rent Stabilization Law of 1969 [Administrative Code of City of NY] former § 26-516[a][2]; Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d 800, 801-802).
Where a tenant has made a "'colorable claim of fraud' by identifying 'substantial indicia,' i.e., 'evidence,' of 'a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization,'" the DHCR is required to examine the apartment's rental history "'for the limited purpose of determining whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date'" (Matter of Regina Metro. Co. LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 355, quoting Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 366-367). Where there exists "substantial indicia of fraud on the record," the DHCR acts "arbitrarily and capriciously in failing to meet [its] obligation" to "ascertain whether the rent on the base date is a lawful rent" (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 366).
Here, contrary to the DHCR's determination, the record contained substantial indicia of fraud that warranted inquiry into the legality of the base date rent. The tenant alleged in her complaint that there had been an "unlawful deregulation" of the apartment she was renting, dating back to the beginning of her tenancy. The tenant's initial lease of the apartment, commencing March 1, 2010, was titled "RENT STABILIZED LEASE" with the words "RENT STABILIZED" crossed out, did not include a rent stabilization rider, and included a "PREFERENTIAL RENT RIDER" stating that the apartment was "exempt" from "legal regulated rent" and that the rent being charged to the tenant, in the amount of $1,375, was a "preferential rent." The DHCR registration history contains no exit registration listing the apartment as exempt, despite the owner's representation that it was deregulated. The registration records submitted with the complaint reflect that the owner failed to register the apartment with the DHCR from 2010 through 2014, representing the majority of the years of the tenant's occupancy. The registration records further reflect that, for the years prior [*2]to the tenant's occupancy, the owner was frequently late in filing rent registrations and sometimes did not file them until after a tenant had vacated the premises. For the prior tenant who occupied the apartment from 2005 to 2009, immediately prior to the tenant's occupancy, the late-filed registrations list monthly legal regulated rents that approached the deregulation threshold of $2,000 yet were significantly higher than the reported "actual rent paid" for those years, with the stated ground for the discrepancy being that the prior tenant was given a preferential rent for that period. For example, the registration for 2009, which was not filed until 2011, reflects that the monthly legal regulated rent for that period was $1,802.69, but the actual monthly rent paid is listed as only $1,200. The owner failed to submit evidence of the actual rent paid by the prior tenant. In a supplemental submission, the tenant further alleged that, after she filed her overcharge complaint with the DHCR, she was driven out of the apartment by excessive construction noise and the deprivation of basic services. She also produced evidence that the owner had attempted to persuade her to sign a document surrendering her rights to the apartment and releasing all claims against the owner in exchange for $1,500 in moving costs.
Under the totality of the circumstances, the Deputy Commissioner's determination that the tenant failed to present sufficient indicia of fraud to warrant looking beyond the four-year period preceding the filing of the rent overcharge complaint did not have a rational basis and was, therefore, arbitrary and capricious (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d at 365; Butterworth v 281 St. Nicholas Partners, LLC, 160 AD3d 434, 434).
Accordingly, the Supreme Court properly granted the petition, annulled the Deputy Commissioner's determinations dated August 10, 2021, and March 25, 2019, and remitted the tenant's claim to the DHCR for further proceedings to investigate the apartment's entire rental history, to review any further evidence presented by the tenant or the owner of the apartment's rental history, and to employ the Rent Stabilization Code's default formula to determine the base date rent if the rental history does not permit the DHCR to determine a reliable base date rent.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court