Matter of Kings Park 148, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 00863)

Matter of Kings Park 148, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 00863

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2020-08340
 (Index No. 7058/19)

[*1]In the Matter of Kings Park 148, LLC, respondent,
v
New York State Division of Housing and Community Renewal, appellant.

Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel), for appellant.
Horing Welikson Rosen & Digrugilliers, P.C., Williston Park, NY (Jillian N. Bittner of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 5, 2019, which upheld a determination of a Rent Administrator dated September 7, 2018, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered September 4, 2020. The judgment granted the petition, annulled the determination dated November 5, 2019, and remitted the matter to the New York State Division of Housing and Community Renewal for a new determination of the subject rent overcharge complaint.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In November 2019, the petitioner, Kings Park 148, LLC, the owner of a rent-stabilized apartment, commenced this CPLR article 78 proceeding to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated November 5, 2019. The determination upheld a Rent Administrator's determination in favor of a tenant of the premises on the tenant's rent overcharge complaint. The Rent Administrator had determined that an on-time discounted rent provided for in the subject lease was not a preferential rent but amounted to an unenforceable late charge and deemed the lower on-time discounted rent to be the legal regulated rent.
In a judgment entered September 4, 2020, the Supreme Court granted the petition, concluding that the petitioner did not forfeit the higher legal regulated rent for subsequent renewals and vacancy leases commencing on June 1, 2015, and executed prior to June 14, 2019, the effective date of the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36). The court remitted the matter to the DHCR for a new determination of the tenant's rent overcharge complaint. The DHCR appeals.
"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was [*2]arbitrary and capricious or an abuse of discretion" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487). "In general, a reviewing court must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (Matter of Hillside Park 168, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 964, 966).
Here, contrary to the petitioner's contention, the DHCR's determination was supported by a rational basis and was not arbitrary and capricious (see Matter of Hillside Park 168, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 964; Matter of One Ninety Sixth St, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 961; Matter of Kings Park 8809, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 959; see also Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal, 166 AD3d 625, 626-627). Accordingly, the Supreme Court erred in granting the petition and annulling the determination.
The petitioner's remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.

2020-08340 DECISION & ORDER ON MOTION
In the Matter of Kings Park 148, LLC, respondent,
v New York State Division of Housing and
Community Renewal, appellant.
(Index No. 7058/19)

Motion by the respondent, inter alia, to strike the appellant's reply brief or Point II of the reply brief on the ground that "it is materially misleading." By decision and order on motion of this Court dated September 2021, this Court held that branch of the motion in abeyance and referred it to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's reply brief or Point II of the reply brief on the ground that "it is materially misleading" is denied.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court