Matter of 166 St, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 00855)

Matter of 166 St, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 00855

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-04575
 (Index No. 718548/22)

[*1]In the Matter of 166 St, LLC, appellant, 
v
New York State Division of Housing and Community Renewal, respondent.

Horing Welikson Rosen & Digrugilliers, P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated July 22, 2022, which upheld a determination of a Rent Administrator dated April 17, 2018, the petitioner appeals from a judgment of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered April 3, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In September 2022, the petitioner, 166 St, LLC, the owner of a rent-stabilized apartment, commenced this CPLR article 78 proceeding to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated July 22, 2022. The determination upheld a Rent Administrator's determination, which was in favor of a tenant of the subject apartment in connection with the tenant's rent overcharge complaint. In a judgment entered April 3, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487). "In general, a reviewing court must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (Matter of Hillside Park 168, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 964, 966).
Here, the Supreme Court properly denied the petition and dismissed the proceeding. The DHCR's determination setting the on-time discounted rent as the legal regulated rent for the subject apartment was supported by a rational basis and was not arbitrary and capricious (see Matter of Hillside Park 168, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 964; Matter of One Ninety Sixth St, LLC v New York State Div. of Hous. & Community Renewal, 200 AD3d 961; Matter of Kings Park 8809, LLC v New York State Div. of Hous. & Community Renewal, [*2]200 AD3d 959).
The petitioner's remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court