Matter of 57 Elmhurst, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 04173)

Matter of 57 Elmhurst, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 04173

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-06252
 (Index No. 721852/22)

[*1]In the Matter of 57 Elmhurst, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Lauren K. Lipnick of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated August 18, 2022, which modified a determination of a Rent Administrator dated January 12, 2022, by recalculating rent overcharge and treble damages amounts, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered June 6, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In March 2016, a tenant who occupied an apartment in the petitioner's building located in Queens commenced a rent overcharge proceeding before the New York State Division of Housing and Community Renewal (hereinafter DHCR). In a determination dated January 12, 2022, a Rent Administrator, inter alia, found that a rent overcharge had occurred and imposed treble damages because the petitioner had not established that the overcharge was not willful. Thereafter, the petitioner filed a petition for administrative review (hereinafter PAR) of the Rent Administrator's determination, arguing that the imposition of treble damages was improper. In a determination dated August 18, 2022, a Deputy Commissioner of the DHCR modified the Rent Administrator's determination by recalculating the overcharge and treble damages amounts, and otherwise confirmed the Rent Administrator's determination. The petitioner subsequently commenced this CPLR article 78 proceeding to review the Deputy Commissioner's determination. In a judgment entered June 6, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis" (Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 946 [internal quotation marks omitted]; see CPLR 7803[3]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487 [internal quotation marks omitted]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id. [*2][internal quotation marks omitted]). Moreover, "[a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (id. at 488 [internal quotation marks omitted]; see Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d 679, 680).
The petitioner's contention that the Deputy Commissioner's determination was arbitrary and capricious and without a rational basis because the Rent Administrator incorrectly computed the rent overcharge based on an improper application of a certain rent reduction order is not properly before this Court, as the argument was not raised before the Rent Administrator or in the PAR and was alleged for the first time in the CPLR article 78 petition (see Matter of Peckham v Calogero, 12 NY3d 424, 430; Matter of 374 E. Parkway Conmar Owners Corp. v New York State Div. of Hous. & Community Renewal, 300 AD2d 670, 671).
Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516(a) provides that if the DHCR finds that a landlord, after a reasonable opportunity to be heard, has collected an overcharge above the rent authorized for a housing accommodation, the landlord will be liable to the tenant for a penalty equal to three times the amount of the overcharge. "In a rent overcharge proceeding, it is the landlord's burden to prove, by a preponderance of the evidence, that the overcharge was not willful. Absent such proof, the landlord will be assessed a treble-damage penalty, payable to the tenant" (Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal, 61 AD3d 753, 754).
Here, the documentary evidence demonstrated that the petitioner "imposed a rent increase which improperly included the costs for repairs and for other work which did not qualify under the Rent Stabilization Code" (Matter of Pandora Enters. v New York State Div. of Hous. & Community Renewal, 239 AD2d 348, 348). Contrary to the petitioner's contention, the "DHCR rationally determined that the petitioner had failed to carry its burden of establishing that the overcharge was not willful" (Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 866; see Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal, 170 AD3d 733, 734-735; Matter of Metropolitan 118-80 Ltd. Partnership v New York State Div. of Hous. & Community Renewal, 83 AD3d 944, 944; Matter of Pandora Enters. v New York State Div. of Hous. & Community Renewal, 239 AD2d at 348).
Finally, the Supreme Court did not err in requesting and considering supplemental information provided by the DHCR. The principal facts submitted by the DHCR at the request of the court were identical to those in the Deputy Commissioner's determination, namely, that the rent overcharges amounted to the sum of $4,678.12 (see Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton, 273 AD2d 387, 388), and the petitioner did not demonstrate that it was prejudiced by the DHCR's submission nor assert that the detailed calculations therein were in any way incorrect.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (see CPLR 7803[3]; Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 946).
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court