Matter of 57 Elmhurst, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 04172)

Matter of 57 Elmhurst, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 04172

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2021-09434
 (Index No. 713066/21)

[*1]In the Matter of 57 Elmhurst, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Yeepan Zhu of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated April 23, 2021, as denied a petition for administrative review and upheld so much of a determination of a Rent Administrator dated January 3, 2020, as found that the petitioner failed to provide non-duplicable building entry keys to certain apartments in the subject building and directed a reduction in the amount of rent payable for those apartments, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 10, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, 57 Elmhurst, LLC, is the owner and landlord of an apartment building located in Elmhurst. In April 2019, various tenants of that apartment building filed an application with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a rent reduction based upon decreased building-wide services, alleging, inter alia, that the lock to the building's entrance door was changed unnecessarily, the tenants were provided an insufficient number of keys to the entrance door lock, some of the tenants were asked to sign new leases to include additional household members as a condition for receiving additional keys, and some of the tenants were asked to pay for each additional key.
In a determination dated January 3, 2020, a Rent Administrator of the DHCR, inter alia, found that the petitioner failed to provide non-duplicable building entry keys to certain apartments in the building and directed a reduction in the amount of rent payable for those apartments. Thereafter, the petitioner filed a petition for administrative review of the Rent Administrator's determination. In a determination dated April 23, 2021, a Deputy Commissioner of the DHCR denied the petition for administrative review and upheld the Rent Administrator's determination.
In June 2021, the petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of the Deputy Commissioner's determination as denied the petition for administrative review and upheld so much of the Rent Administrator's determination as found that the petitioner failed to provide non-duplicable building entry keys to certain apartments in the building and directed a reduction in the amount of rent payable for those apartments, alleging that [*2]the Deputy Commissioner's determination was arbitrary and capricious and erroneous as a matter of law. In a judgment entered December 10, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis" (Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d 679, 680 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 946). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487 [internal quotation marks omitted]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id. [internal quotation marks omitted]). Moreover, "[a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (id. at 488 [internal quotation marks omitted]; see Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d at 680; Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal, 185 AD3d 942, 944).
Here, contrary to the petitioner's contention, the DHCR's determination has a rational basis in the record and was not arbitrary and capricious (see Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d at 680; see also Rent Stabilization Code [9 NYCRR] §§ 2520.6[r]; 2523.4).
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court