Matter of 150 Park, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 04244)

Matter of 150 Park, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 04244

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-02232
 (Index Nos. 711117/20, 711118/20, 711120/20)

[*1]In the Matter of 150 Park, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Jillian N. Bittner of counsel), for appellant.
Mark F. Palomino, New York, NY (Anita Shia of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to CPLR article 78 to review (1) a determination of a Deputy Commissioner of the New York State Department of Housing and Community Renewal dated January 10, 2020, which denied a petition for administrative review and upheld an amended determination of a Rent Administrator dated December 12, 2018, (2) a determination of a Deputy Commissioner of the New York State Department of Housing and Community Renewal dated January 14, 2020, which denied a petition for administrative review and upheld an amended determination of a Rent Administrator dated December 12, 2018, and (3) a determination of a Deputy Commissioner of the New York State Department of Housing and Community Renewal dated January 16, 2020, which denied a petition for administrative review and upheld an amended determination of a Rent Administrator dated December 12, 2018, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered March 2, 2021. The judgment denied the petitions and dismissed the proceedings.
ORDERED that the judgment is affirmed, with costs.
Three groups of tenants of rent-stabilized apartments in a building owned by 150 Park, LLC (hereinafter 150 Park), separately applied to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a rent reduction based upon a decrease in building-wide services. Each tenant group alleged that 150 Park changed the front entrance door lock from a traditional door lock to a door lock mechanism that utilized non-duplicable keys, that 150 Park refused to provide a sufficient number of non-duplicable keys to the building entrance door to the tenants, and that the tenants were charged either $50 to $250 or $50 to $100 per additional key.
In amended determinations, all dated December 12, 2018, a Rent Administrator of the DHCR found, inter alia, that 150 Park failed to provide non-duplicable building entry keys to the building in violation of the Rent Stabilization Code (9 NYCRR) §§ 2520.6(r) and 2523.4 and directed a reduction in the amount of rent payable to 150 Park for those tenants. Thereafter, 150 Park filed petitions for administrative review of the Rent Administrator's amended determinations. In determinations dated January 10, 2020, January 14, 2020, and January 16, 2020, a Deputy Commissioner of the DHCR denied the respective petitions for administrative review and upheld the Rent Administrator's respective amended determinations.
150 Park then commenced these proceedings pursuant to CPLR article 78 to review the determinations of the Deputy Commissioner. In a judgment entered March 2, 2021, the Supreme Court denied the petitions and dismissed the proceedings. 150 Park appeals.
"In reviewing a determination of the DHCR, the court must uphold the determination unless it is arbitrary and capricious and without a rational basis" (Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d 679, 680 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 946). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487 [internal quotation marks omitted]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id. [internal quotation marks omitted]). Moreover, "[a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (id. at 488 [internal quotation marks omitted]; see Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d at 680).
Here, contrary to 150 Park's contention, the Deputy Commissioner's determinations have a rational basis in the record and were not arbitrary and capricious (see Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d at 680).
The parties' remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court